IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 107-167 |
| | * | |
| NATHANIEL EUGENE JONES | * | |

**O R D E R**

In 2008 Defendant Nathaniel Eugene Jones pled guilty to two firearm offenses violative of 18 U.S.C. § 924(c)(1)(A): (1) using, carrying and discharging a firearm during a drug trafficking crime (the distribution of marijuana), and (2) using, carrying and brandishing a firearm during a crime of violence (hijacking a motor vehicle). At that time, § 924(c) required a minimum sentence of ten years for the first count and a consecutive sentence of at least 25 years for the second count; that is, the statute called for the sentences to be "stacked" even though the two § 924(c) convictions were obtained in a single prosecution. Though he faced a sentence of 420 months imprisonment, Defendant received the benefit of a downward departure under U.S.S.G. § 5K1.1 and was sentenced to serve 360 months on July 16, 2008.

Section 403 of the First Step Act of 2018 ("FSA") amended the stacking provision of § 924(c)(1)(C) to require the existence of a prior § 924(c) conviction "that ha[d] become final" before the

25-year mandatory sentence could apply. See 18 U.S.C. § 924(c)(1)(C) (2018). Congress, however, expressly made this statutory amendment non-retroactive.[1]

Defendant tried to avail himself of the FSA's anti-stacking provision when he moved for compassionate release in July 2021. The Court rejected his "change in law" argument because it did not fall within the extraordinary and compelling categories listed in the Policy Statement applicable to compassionate release motions, U.S.S.G. § 1B1.13. (Order of Aug. 26, 2021, Doc. No. 400, at 2-3 (citing United States v. Bryant, 996 F.3d 1243 (11th Cir. 2021)).)

On November 1, 2023, the United States Sentencing Commission amended the Policy Statement to expand the circumstances it considers to be extraordinary and compelling. There are now six "extraordinary and compelling reasons" that could warrant sentence reduction: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant is a victim of abuse; (5) other reasons that are "similar in gravity" to reasons one through four; and (6) whether the defendant has an unusually long sentence. U.S.S.G. §

---

[1] Congress specified that § 924(c) as amended "shall apply to any offense that was committed before the date of enactment of [the FSA], if a sentence for the offense has not been imposed as of such date of enactment." FSA § 403(b); see also United States v. Smith, 967 F.3d 1196, 1210-13 (11th Cir. 2020) (holding that FSA § 403 does not apply retroactively). Because Defendant had already been sentenced, this change of law did not benefit him.

2

1B1.13(b)(1)-(6). On January 6, 2025, Defendant filed a one-page letter motion that notes his stacked sentence and "invoke[es] 924(c) 3582." (Doc. No. 419.) The Court interprets this to mean that Defendant seeks compassionate release based upon the new "Unusually Long Sentence" provision. Defendant also cites Amendments 782 and 821 to the United States Sentencing Guidelines. Upon due consideration, Defendant's motion must be denied in its entirety.

### Motion for Compassionate Release

To receive compassionate release, a defendant must establish three conditions: (1) the existence of extraordinary and compelling circumstances; (2) adherence to the Policy Statement of U.S.S.G. § 1B1.13 (including a finding that the defendant is not a danger to the community); and (3) support in the sentencing factors of 18 U.S.C. § 3553(a). United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021). Absence of even one of these requirements would foreclose a sentence reduction. Id.; United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

Through his motion, Defendant contends that a reduction in sentence is warranted under U.S.S.G. § 1B1.13(b)(6), which provides as follows:

3

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).[2]  In this case, Defendant has served over ten years and the FSA's anti-stacking amendment to the § 924(c) penalty provision would likely result in a different sentence if Defendant were sentenced today under current law. That is to say, if Defendant were sentenced today, the second or successive conviction enhancement of § 924(c)(1)(C) would not apply. Instead, Defendant would face mandatory minimum sentences of ten years for

---

[2]  The Sentencing Commission expressly excluded the consideration of "changes in law" as extraordinary and compelling in the 2023 amendment to its Policy Statement, to wit:

> Limitations on Changes in Law - Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant ***otherwise*** establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. § 1B1.13(c) (emphasis added). Thus, § 1B1.13(b)(6), if valid, is an exception to be carefully applied.

4

discharging a firearm and seven years for brandishing a firearm. See 18 U.S.C. § 924(c)(1)(A)(ii), (iii). His mandatory minimum sentence would be 204 months as opposed to 420 months, which does not even take into account any § 5K1.1 departure.

Since the introduction of the Unusually Long Sentence provision, the Government has challenged its validity on various grounds to include that the Sentencing Commission exceeded its Congressional authority in promulgating § 1B1.13(b)(6), that recognizing intervening changes in the law as extraordinary and compelling undermines the Sentencing Reform Act of 1984, and that § 1B1.13(b)(6) is in serious tension with general separation-of-powers principles. Most district courts in the Eleventh Circuit have rejected these arguments and considered a movant's request for compassionate release based upon an unusually long sentence. See, e.g., United States v. Allen, 717 F. Supp. 3d 1308 (N.D. Ga. 2024); United States v. Smith, 2024 WL 3738462 (M.D. Fla. Aug. 9, 2024); United States v. Ingram, 2024 WL 3696514 (S.D. Ga. Aug. 7, 2024) (Baker, C.J.); United States v. Clowers, 2024 WL 3461752 (M.D. Ga. July 18, 2024); United States v. Daniel, 2024 WL 3103311 (S.D. Fla. Jun. 24, 2024). As one of these district courts explained, to find § 1B1.13(b)(6) invalid "would require courts to ignore the policy statement that Congress explicitly directed the [Sentencing] Commission to create." Allen, 717 F. Supp. 3d at 1315. Yet, as recently pointed out by the Honorable Clay D. Land

5

in the Middle District of Georgia, applying § 1B1.13(b)(6) to the FSA's amendment of § 924(c)'s penalty provision conflicts with the will of Congress that the amendment be non-retroactive. United States v. Cannon, --- F. Supp. 3d ---, 2025 WL 326065, at *5 (M.D. Ga. Jan. 29, 2025) (pointing out that allowing compassionate release based upon the FSA amendment would "in effect convert[] [Congress's] nonretroactive change in the law to a retroactive one").

Judge Land did not go out "on the proverbial limb alone." See id. He cites to the Third Circuit's decision in United States v. Rutherford, 120 F.4th 360 (3d Cir. 2024). In Rutherford, the Third Circuit held that because Congress had "already taken retroactivity off the table," consideration of § 924(c)'s penalty provision amendment in determining a prisoner's eligibility for compassionate release would conflict with the will of Congress. Id. at 376-78. Thus, the non-retroactive changes to the statutory penalties of § 924(c)(1)(C) cannot constitute extraordinary and compelling circumstances to reduce a sentence under § 1B1.13(b)(6). Id. at 376.

The Fifth Circuit also recently rejected the use of a non-retroactive statutory change in the law as extraordinary and compelling, concluding that agency action in the form of U.S.S.G. § 1B1.13(b)(6) "must bow to the specific directives of Congress"; that is, "the Sentencing Commission cannot make retroactive what

6

Congress made non-retroactive." United States v. Austin, 125 F.4th 688, 692 (5th Cir. 2025) (citations omitted) (affirming the denial of compassionate release for a prisoner whose mandatory minimum sentence was changed from 20 years to 15 years under the First Step Act of 2018).

Finally, I would be remiss not to point out that the Sentencing Commission divided 4-3 on whether to promulgate § 1B1.13(b)(6). See Sentencing Comm'n Public Meeting Tr. 55-82 (Apr. 5, 2023).[3] The dissenting Commissioners noted that allowing non-retroactive changes in the law to establish a basis for sentence reduction "supplants Congress's legislative role" and would authorize courts "to revisit duly imposed criminal sentences at the ten-year mark based on intervening legal developments that Congress did not wish to make retroactive." Id. at 60-61. The dissenting Commissioners go on to state: "The separation of powers problem should be apparent" because "[i]t is not the Commission's role to countermand Congress's legislative judgments." Id. at 61.

I agree with the Dissenting Commissioners and the reasoning in the Rutherford, Allen, and Cannon cases. I have previously noted my "grave doubts" about the validity of § 1B1.13(b)(6) in a case where the "change in law" was occasioned by intervening

---

[3] The Transcript may be located at www.ussc.gov/sites/default/files/pdf/amendment-process/public-hearings-and-meetings/20230405/20230405_transcript.pdf (last visited on Feb. 7, 2025).

7

judicial interpretations, not statutory amendments. See <u>United States v. Smith</u>, Case No. 3:03-CR-011, Doc. No. 113 (S.D. Ga. July 3, 2024). But, here, where Congress has expressly spoken to its legislative intent on non-retroactivity, I cannot endorse the usurpation of the will of Congress by agency action.

Upon the foregoing, Defendant Jones's claim to the Unusually Long Sentence provision of Policy Statement § 1B1.13(b)(6) is unavailing.

**Amendments 782 and 821**

Amendment 782 implemented a two-level offense level reduction to a majority of the offense levels assigned to the drug quantities set forth in Section 2D1.1 of the Sentencing Guidelines. Defendant was not convicted of a drug offense, and therefore Amendment 782 is in no way applicable to this case.

Amendment 821 (Part B) provides a retroactive decrease in offense level for certain "zero point" offenders, which Defendant is not. Amendment 821 (Part A) provides a retroactive adjustment for certain offenders whose criminal history was impacted by "status points" under U.S.S.G. § 4A1.1. Defendant's crimes, however, carried *statutorily* mandated sentences; his sentence was not based upon a guideline computation. Because Defendant's criminal history played no part in his sentence, Amendment 821 to

the sentencing guidelines is irrelevant to Defendant's *statutory* sentence.

### Conclusion

Upon the foregoing, Defendant Jones's letter motion for a reduction in sentence (doc. no. 419) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this \_\_\_\_ day of February, 2025.

_____
UNITED STATES DISTRICT JUDGE